IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HUNTINGTON NAT'L BANK, | Case No. 1:18-cv-266 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| 1973 CHRIS CRAFT ROAMER, *et al.*, | |
| Defendants. | **ORDER** |

Plaintiff Huntington National Bank ("Huntington") moves this court to: (1) reinstate this admiralty foreclosure action to the court's active docket; (2) grant Huntington leave to voluntarily dismiss its claim against defendant James Thomas; and (3) enter a consent judgment against defendant All Points Charters, LLC ("All Points"). ECF Docs. 19–19-2. The parties consented to magistrate judge jurisdiction on May 29, 2018.

**I.    Background**

On February 2, 2018, Huntington filed a complaint seeking foreclosure of All Points' 1973 Chris Craft Roamer and claiming breach of contract against All Points and breach of guarantee by Thompson. ECF Doc. 1. Huntington's complaint alleged that All Points gave Huntington a mortgage to secure a loan to purchase the boat, Thompson was a guarantor on the loan, and All Points and Thompson failed to pay the required installments. *Id.*

On May 29, 2018, the court stayed this action, pursuant to the automatic stay under 11 U.S.C. § 362(a)(1) imposed when Thompson filed a Chapter 7 bankruptcy petition. ECF Doc.

17. In his bankruptcy petition, Thompson listed All points as one of his DBA names, listed the 1973 Chris Craft Roamer as one of his assets, and noted that he had a 100% ownership stake in All Points. ECF for Bankr. N.D. Ohio Case No. 18-13177, Doc. 1 at 2, 11, 13. Thompson noted that the boat was secured by a mortgage, and that he intended to surrender the boat to Huntington. *Id.*, Doc. 1 at 47. On September 5, 2018, the bankruptcy court entered a discharge in favor of "James Alan Thompson dba All Points Charters LLC . . . ." *Id.*, Doc. 23. On February 4, 2019, the bankruptcy trustee issued a Final Report, indicating that he determined on September 17, 2018, that the boat had no value to the bankruptcy estate. *Id.*, Doc. 30 at 4.

## II. Reinstatement and Dismissal

A plaintiff may request a court order granting leave to voluntarily dismiss a claim "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A person is a necessary party if: (1) the court cannot accord complete relief among the existing parties in that person's absence; (2) that person claims an interest related to the subject of the action, and the resolution of the action may impede or impair his ability to protect the interest or leave an existing party with a substantial risk of incurring multiple inconsistent obligations. Fed. R. Civ. P. 19(a)(1). A third party who participates in a loan process and agrees to act as a guarantor is not a necessary part to the principal's action against the loan debtor. *See Colorado Nat'l Bank v. Adventura Assoc., L.P.*, 757 F. Supp. 1167, 1169 (D. Colo. 1991).

The automatic stay under 11 U.S.C. § 362(a)(1) applies only to the bankruptcy debtor and his property and does not extend to creditors' litigation against co-debtors and their property. *In re Harris*, 16 B.R. 371, 376 (Bankr. E.D. Tenn. 1982); *In re Panther Mountain Land Development, LLC*, 686 F.3d 916, 921 (8th Cir. 2012). Moreover, the automatic stay generally does not apply to assets of a bankruptcy debtor's subsidiary, even if that subsidiary is wholly

owned. *See Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007). In *Krisler*, the Fourth Circuit explained that the stay may extend to a wholly owned subsidiary under unusual circumstances – such as when the identity between the bankruptcy debtor and its subsidiary is so combined that a judgment against the subsidiary is effectively a judgment against the debtor. *Id.* (giving the example of a subsidiary that has a right to complete indemnification against the bankruptcy debtor). Although a judgment against the subsidiary and its property may ultimately affect the value of the bankruptcy debtor's shares in the subsidiary, such a judgment does not violate the automatic stay because it does not affect the nature and extent of the bankruptcy debtor's interest in the subsidiary. *Id.* at 214; *see also In re Cardinal Indus.*, 105 B.R. 834, 849 (Bankr. S.D. Ohio 1989) ("While the Debtor's Partnership Interests may lose value if the Partnership Properties . . . are taken away, each partner's rights to its designated shares remains. The Partnerships may acquire new properties or embark upon new enterprises for which the Debtor's shares of profits, losses, and distributions remain unchanged.").

Assuming that Thompson is a guarantor of All Points' debt to Huntington, he his nonetheless not a necessary party to Huntington's foreclosure and breach of contract claims against the 1973 Chris Craft Roamer and All Points. *Colorado Nat'l Bank*, 757 F. Supp. at 1169. He is only a necessary party on Huntington's breach of guarantee claim. Fed. R. Civ. P. 19(a)(1); ECF Doc. 1. Thus, if Huntington is permitted to dismiss its breach of guarantee claim against Thompson and proceed only on its foreclosure and breach of contract claims, Thompson will cease to be a necessary party in this case. Furthermore, because the automatic stay in Thompson's bankruptcy case does not apply to Huntington's claims against All Points and All Points' property, the dismissal of Huntington's claims against Thompson will permit this case to proceed on Huntington's claims against All Points and the 1973 Chris Craft Roamer. *Kreisler*,

478 F.3d at 213–14; *In re Harris*, 16 B.R. at 376; *In re Panther Mountain Land Development, LLC*, 686 F.3d at 921; *In re Cardinal Indus.*, 105 B.R. at 849. Accordingly, the court REINSATATES this court to its active docket, GRANTS Huntington's request for leave to voluntarily dismiss its breach of guarantee claim against Thompson, and DISMISSES without prejudice Huntington's claims against Thompson.

### III. Consent Judgment

Upon review, the terms of Huntington and All Points' consent judgment adequately and fairly resolve Huntington's remaining claims against All Points and the 1973 Chris Craft Roamer. The court notes that, by stating "[n]othing in this Consent Judgment Entry addresses James Thompson's Guarantee," the parties' proposed consent judgment avoids any conflict with the automatic stay in Thompson's bankruptcy case. Accordingly, the court GRANTS Huntington and All Points' proposed consent judgment.

### IV. Summary

The court REINSATATES this case to its active docket, GRANTS Huntington's request for leave to voluntarily dismiss its breach of guarantee claim against Thompson, DISMISSES without prejudice Huntington's claims against Thompson, and GRANTS Huntington and All Points' proposed consent judgment.

**IT IS SO ORDERED.**

Dated: February 8, 2019

Thomas M. Parker
United States Magistrate Judge